| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>Court Address: 270 South Tejon Street<br>                    Colorado Springs, CO 80903 | DATE FILED: April 7, 2022 5:51 PM<br>FILING ID: A7DB747779D79<br>CASE NUMBER: 2022CV30589 |
| Plaintiff: EUGENE FENNINGER, III and<br>EUGENE FENNINGER, IV<br><br>v.<br><br>Defendants: CHRISTOPER M. WILSON | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Robert W. Rock #56041<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80114<br>Phone Number: (303) 757-3300<br>Fax Number:    (303) 759-3206<br>E-Mail: rockb@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

Plaintiffs, Eugene Fenninger, III and Eugene Fenninger, IV, by and through their attorneys, Franklin D. Azar and Associates, P.C., for their Complaint against the Defendant, state and allege as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Eugene Fenninger, III and Eugene Fenninger, IV, are individuals and residents of the State of Colorado.

2. Defendant, Christopher M. Wilson (hereinafter "Defendant"), is an individual and resident of the State of Maryland.

3. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124 because the incident underlying this cause of action occurred within the State of Colorado.

4. Venue is proper in this action pursuant to C.R.C.P. § 98(c) because the motor vehicle crash occurred within El Paso County, State of Colorado.

EXHIBIT A

### I. GENERAL ALLEGATIONS

5. The collision occurred on April 13, 2021, at approximately 5:00 PM.

6. The weather conditions were clear at the time of the collision.

7. The road conditions were dry at the time of the collision.

8. Plaintiff, Eugene Fenninger, III, was driving a 2017 Lincoln Continental (hereinafter "the Fenninger vehicle") at the time of the collision.

9. Plaintiff, Eugene Fenninger, IV, was a passenger in the Fenninger vehicle.

10. Defendant was driving a 2015 Jeep Grand Cherokee (hereinafter "the Defendant vehicle") at the time of the collision.

11. The vehicle Defendant was driving bore Maryland license plate 9DW0175 at the time of the collision.

12. The collision between the Fenninger vehicle and the Defendant vehicle occurred at the intersection of North Academy Boulevard and Briargate Boulevard/Kelly Johnson Boulevard, El Paso County, State of Colorado.

13. Plaintiff, Eugene Fenninger, III, was driving northbound on North Academy Boulevard and stopped at the intersection for a red light at the time of the collision.

14. Defendant was also driving northbound on North Academy Boulevard at the time of the collision.

15. Defendant was driving directly behind the Fenninger vehicle immediately before the collision.

16. The Fenninger vehicle was stopped and was not moving at the time of the collision.

17. Defendant failed to stop for traffic and struck the rear of the Fenninger vehicle.

18. The front of the Defendant's vehicle struck the rear of the Fenninger vehicle.

19. The front of Defendant's vehicle was damaged.

20. The rear of the Fenninger vehicle was damaged.

21. Colorado traffic rules and regulations applied to Defendant at the time of the collision.

22. The Defendant had a duty to drive safely.

23. The Defendant had a duty to act as a reasonable driver while operating his vehicle.

24. Defendant was required to stop for traffic, including the Fenninger vehicle, in front of him on North Academy Boulevard at the time of the collision.

25. Defendant operated his vehicle in disregard of the traffic rules and regulations.

26. Defendant was following too closely at the time of the collision in violation of C.R.S. § 42-4-1008(1).

27. Defendant was driving carelessly at the time of the collision.

28. Defendant's careless driving was the cause of the collision.

29. Defendant did not meet his duty of reasonable care because he failed to stop for traffic as traffic conditions required.

30. Defendant's unreasonable acts immediately before the collision were in violation of his duty of reasonable care to other drivers on the road.

31. Defendant's unreasonable acts immediately before the collision were in violation of his duty of reasonable care to the Plaintiffs.

32. Defendant's unreasonable conduct immediately before the time of the collision was sufficient to cause and did cause injury to the Plaintiffs.

33. No third person caused the collision.

34. No third party caused or contributed to the cause of Plaintiffs' injuries, damages, and losses.

35. Plaintiffs did not act in any way that caused or contributed to the cause of the collision.

36. The Plaintiffs were wearing their seatbelts at the time of the collision.

37. The Plaintiffs incurred injuries, losses, and damages as a result of the collision.

38. The Plaintiffs have not failed to mitigate their damages.

**FIRST CLAIM FOR RELIEF**

**(Negligence)**

39. Plaintiffs incorporate all prior allegations as though fully set forth herein.

40. Defendant had a duty to drive reasonably.

41. Defendant breached his duty to drive reasonably when he failed to stop for traffic including the Fenninger vehicle.

42. Defendant's negligence was the cause of the collision.

43. As a direct, proximate, and foreseeable result of the negligence of Defendant, Plaintiffs suffered physical injuries.

44. As a direct, proximate, and foreseeable result of the negligence of Defendant, Plaintiffs suffered past damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, doctor bills, and loss of earnings in amounts to be determined at the time of trial.

45. As a direct, proximate, and foreseeable result of the negligence of Defendant, Plaintiffs will suffer future non-economic damages, including permanent impairment in an amount to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF

### (Negligence *Per Se*)

46. Plaintiffs incorporate all prior allegations as though fully set forth herein.

47. In the course of the motor vehicle collision described above, Defendant violated C.R.S. § 42-4-1008(1), Following Too Closely.

48. Plaintiffs are members of the class of persons which the aforementioned statutes are intended to protect.

49. The purpose of the aforementioned statutes is to protect against the type of injuries or losses that the Plaintiffs sustained.

50. The above-described actions of Defendant constitute negligence *per se*.

51. As a direct, proximate, and foreseeable result of the negligence *per se* of Defendant, Plaintiffs suffered physical injuries.

52. As a direct, proximate, and foreseeable result of the negligence *per se* of Defendant, Plaintiffs suffered past damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, doctor bills, and loss of earnings in amounts to be determined at the time of trial.

53. As a direct, proximate, and foreseeable result of the negligence of Defendant, Plaintiffs will suffer future non-economic damages, including permanent impairment in an amount to be determined at the time of trial.

WHEREFORE, Plaintiffs respectfully request this Court enter judgment against Defendant and in their favor for all general and special damages, all statutory and necessary costs, including but not limited to expert witness fees and expenses incurred in the investigation and discovery required to present Plaintiffs' claims, interest from the date of the occurrence, post-judgment interest at the statutory rate, and for such other and further relief as the Court shall deem just, proper and appropriate under the circumstances.

Respectfully submitted April 7, 2022.

                        FRANKLIN D. AZAR & ASSOCIATES, P.C.
                        By: */s/ Robert W. Rock*
                        Robert W. Rock, #56041

                        ATTORNEYS FOR PLAINTIFFS

**Plaintiff's Addresses:**
**2223 Shalimar Drive #B8**
**Colorado Springs, CO 80915**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*